## Jonathan B. Hall *vs.* Sarah Hoxie.

Where an officer, in his return of an execution, states that he seized real estate on a certain day, but that by reason of prior attachments, further service was suspended, and that he afterwards caused appraisers to set off the estate, and the levy to be completed ; the levy takes effect, and the title to the estate vests in the judgment creditor, from the time of the seizure.

It seems that a debtor, whose property is assigned under *St.* 1838, *c.* 163, after his real estate is seized on execution, but before it is set off by appraisement, may choose an appraiser to act in the levy of the execution.

If a magistrate certifies that a person, appointed as an appraiser of real estate taken on execution, made affirmation, under the pains and penalties of perjury, that he would faithfully and impartially appraise such real estate, &c.; it is sufficient, although he does not certify that such person was conscientiously scrupulous of taking an oath.

This was a writ of entry, brought by the assignee of William Marstins, an insolvent debtor, to recover certain real estate in Sandwich. Both parties claimed the demanded premises under said Marstins, and the case was submitted to the court on facts agreed. Those facts, so far as they related to the proceedings

in the matter of Marstins's insolvency, were the same which are set forth in the case of *Hall* v. *Crocker*, (*ante*, 246). The further facts were these :

At the September term 1840, of the court of common pleas for the county of Barnstable, said Hoxie recovered judgment against said Marstins for the sum of $ 332·94 damages, and $ 10·52 costs, and execution duly issued thereon, dated September 22d 1840. On the 29th of the same September, said execution was delivered to the sheriff of the county, with directions to levy the same on said Marstins's real estate, and the same was levied on the real estate described in the demandant's writ, in time and manner as is set forth and described in the sheriff's return on said execution ; which return is exactly copied in the margin. *

It was agreed that the demandant should become nonsuit, if, in the opinion of the court, the tenant became legally seized of the demanded premises, notwithstanding the assignment of said

---

* " Barnstable ss.   A. D. 1840.   September 29th : at twelve o'clock M.   By virtue of the within execution to me delivered for service and by order of the creditor herein named I have this day seized on said execution to satisfy the same a certain tract of land situate in said Sandwich containing by estimation, two acres more or less.   as particularly described and bounded in the certificate of the appraisers hereunto annexed to which I refer for boundaries and description.   The further levy of this execution was suspended by reason of prior attachments on the same estate till October the first 1840 at Meridian I notified William Marstins the debtor of my readiness to levy and requested him to appoint an appraiser at half an hour past three o'clock P. M.of the same day of October to wit the first day I went upon the premises so seized which was shown to me by said creditors attorney as the property of William Marstins and was particularly named to me and seized by me on the first day and date in this return named. — And on the second day of October I caused the said land to be appraised by Thomas A. Tobey appointed by the creditors attorney Jesse Boyden appointed by me for the debtor, having neglected to appoint one   And Melatiah Bourne appointed by me, are all disinterested and discreet men who after I had caused them to be duly qualified for that purpose as appears by the certificate of the justice on this execution and after I had shown the same to them as taken by force of said execution and after they had viewed and examined the same premises in company with me appraised and set the same off at the sum of three hundred fifty eight dollars and eighty two cents in full of the annexed execution and fees of levy. — A certificate of their appraisement is appended to this return and signed by them. And afterwards I delivered seizin and posses-

Marstins's estate to the demandant : otherwise, that the tenant should be defaulted.

*Scudder*, for the demandant.

*Beal*, for the tenant.

SHAW, C. J.   This is a real action, and the question is, which party has the better title.   The demandant claims as assignee of William Marstins, an insolvent debtor, and the tenant, by levy of execution on the premises, as the real estate of the same William Marstins.   The question is, which title first vested ; and for the reasons stated in the next preceding case of *Hall* v. *Crocker*, we are of opinion, that the demandant's title was complete before the transfer under the proceedings in insolvency took effect.

As to the criticism on the terms of the officer's return, we are of opinion that the construction is not to depend upon the punctuation, and that, independently of the punctuation, it is sufficiently intelligible.   It is no objection to the regularity of the return, that it bears date as of the time when the service was begun, though the other facts, certified in the return, took place at subsequent times.

In addition to the citations in the foregoing case of *Hall* v. *Crocker*, showing that the levy takes effect from the time of the seizure of the estate, may be added Rev. Sts. *c.* 97, § 15, providing, that " if either party shall die, after any real estate or any goods or chattels have been seized on execution, the service thereof may be completed, in like manner and with the same effect as if both parties were still living, and the officer may ap-

---

sion of said appraised property to Russell Freeman Esq. Attorney of the creditor who received the same in full satisfaction of said execution and fees of levy.

I therefore return the annexed execution fully satisfied.   DAVID CROCKER sheriff."

The certificate of the magistrate, referred to in the foregoing return, was as follows :

Barnstable ss.   October 2d A. D. 1840.   Then personally appeared Melatiah Bourne, Jesse Boyden and Thomas A. Tobey, and the said Bourne and Boyden made oath, and the said Tobey affirmed under the pains and penalties of perjury, that they would faithfully and impartially appraise such real estate as should be shown to them as taken by force of this execution, to satisfy the same and fees of levy   Before me RUSSELL FREEMAN, Justice of the Peace.

point an appraiser, when necessary, for the deceased party." Such appointment would obviously be necessary, if the levy were to be completed before the appointment of an executor or administrator. This provision plainly implies that a seizure may be made before the appointment of appraisers.

It was argued that the debtor, in such a case as the present, could not appoint an appraiser. Why could he not ? He has an interest, notwithstanding his insolvency, in seeing that no larger amount of his estate is set off, than is sufficient to pay his debt. But if he could not legally appoint an appraiser, then the exigence exists, in which the officer is to appoint one for him.

That *taking* or *seizing* is not to be used literally, as entering upon or taking possession of land, is manifest from the various provisions authorizing the officer to take estates in reversion or remainder, lands fraudulently conveyed, rights of entry, and rights of redemption ; in none of which cases could an entry be lawfully made. A right can only be taken constructively, and by operation of law.

It was made an exception to the regularity of this levy, that it appeared, by the certificate of the magistrate, that one of the appraisers affirmed, without taking an oath in due form, and without a certificate that he was conscientiously scrupulous of taking an oath. Rev. Sts. c. 94, § 10.

The statute vests the authority in the court or magistrate before whom an oath is to be taken, to determine, on inquiry, whether he is satisfied of the truth of the declaration of the party, that he has conscientious scruples against taking the oath, and, on the result of that inquiry, to permit him to affirm, in the manner prescribed for Quakers. The certificate of the magistrate, that the appraiser took the affirmation, causes a necessary implication, that he was permitted to do so by the magistrate ; and if he was satisfied of the declaration, it is conclusive on all other courts and tribunals.

*Demandant nonsuit*